1  David C. Larkin  #006644
   DAVID C. LARKIN, P.C.
2  4645 South Lakeshore Drive, Suite 6
   Tempe, Arizona  85282
3  Telephone (480) 491-2900
   Fax (480) 755-4825
4  Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Norman,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Capital Processing Network, LLC, an Arizona Limited liability company,<br><br>　　　　　Defendant. | No.<br><br>**VERIFIED COMPLAINT**<br><br><br>**JURY DEMAND: Plaintiff demands a trial by jury.** |

Plaintiff Susan Norman hereby alleges as follows:

1. Plaintiff Susan Norman is, and at all times material hereto, was a resident of Maricopa County, Arizona.

2. Defendant Capital Processing Network, LLC ("CPN") is an Arizona limited liability company, authorized to do business within the State of Arizona and doing business in Maricopa County, Arizona. CPN is also known by its registered tradename CPN USA. CPN is in the business of selling/leasing credit card and credit related transaction terminals, as well as selling discounted merchant transaction services to merchants nationwide. Defendant CPN's business dealings include the brokering and sale of lease agreements and merchant services agreements between various merchants and credit card processing companies, both in Arizona and around the country.

3. During all times material hereto, CPN had not less than 105 employees and not more than 200 employees.

4. The Court has federal question jurisdiction pursuant to 28 U.S.C. §1331. This action arises under Title VII of the 1964 Civil Rights Act (employment discrimination, 42 U.S.C. 2000e *et seq*.). Any and all acts alleged herein arose in Maricopa County, Arizona.

5. Plaintiff demands a trial by jury.

## GENERAL ALLEGATIONS

6. At all times material hereto, CPN employed plaintiff Norman as the Executive Assistant to CPN's President and Chief Executive Officer, Jeffrey Stephan. CPN terminated Ms. Norman's employment on or about March 1, 2012.

7. Plaintiff Susan Norman received excellent performance reviews and approximately $22,000 in bonuses in the two years prior to her termination.

8. In February 2012, a month prior to her termination, she participated in a company vacation trip to Maui, Hawaii. On that trip, CPN Director of Operations Harvey Plamondon told Mrs. Norman that because she was approaching two years of service with CPN as Executive Assistant to the CEO, she needed to start conforming to CPN's Christian ways, and start attending the company Bible study classes at work. He told her if she did not start attending the Bible study she would be fired.

9. Mrs. Norman did not and does not share the Evangelical Christian views of CPN's management and did not attend the Bible study classes when she returned to work after the company vacation.

10. On March 1, 2012, at the end of the day she was called into the conference room by CEO Jeff Stephan and Harvey Plamondon. Mr. Stephan read a paper to her, telling her she was fired, and then as Mr. Stephan was walking out of the room, he stated to Mrs. Norman that she was told to attend Bible study classes and to start conforming to CPN's religious beliefs, that if she did not do this she would be fired, and that she was a disgrace. Mr. Plamondon said he would pray for her.

11. Mrs. Norman was replaced by Sheralynn Larson, who began regular attendance at the Bible study once she replaced Mrs. Norman, thus conforming to CPN's desire that the executive secretary of the CEO conform to CPN's religious views and attend the Bible study.

12. Plaintiff Norman is informed and believes that CPN has alleged that she was fired for gossiping about her co-workers at CPN. Mrs. Norman alleges that this reason is false and a pretext for CPN's unlawful religious discrimination, and that, inter alia, CPN relied on the word of employees with criminal records, without even giving plaintiff an opportunity to rebut the claims; that in fact, she was informed by co-worker Jennie Babb that Ms. Babb made up allegations against Mrs. Norman because if she "did not come up with some dirt" on Mrs. Norman, Mr. Stephan and Mr. Plamondon would fire her and that Ms. Babb wanted to keep her job. Further, if Mrs. Norman had been given an opportunity to refute the statements, she would have stated that comments she allegedly made were actually comments made to her by co-workers Sheralyn Larson and Jason McCarthy, neither of whom were fired. If CPN had done a reasonable investigation and had investigated comments made by employees including those who did not refuse to attend a Bible study, it would have had to terminate the employment of most of its office staff, if it were truly consistent with its stated reason for terminating Mrs. Norman, would not have singled her out, and would have given her an opportunity to respond to the allegations, especially considering the high regard in which she was held by management until she failed to attend CPN Bible studies after being warned to do so by Harvey Plamondon shortly before she was fired.

13. On March 15, 2012, plaintiff Susan Norman filed a charge of discrimination against defendant CPN with the EEOC, charge no. 540-2012-01434.

14. The EEOC dismissed Mrs. Norman's charge of discrimination and issued a "Notice of Right to Sue" on March 14, 2013. Plaintiff has exhausted her administrative remedies. Plaintiff timely filed this action within 90 days of her receipt of the Dismissal and Notice of Right to Sue.

**COUNT ONE**
**RELIGIOUS DISCRIMINATION**
**IN VIOLATION OF TITLE VII**

15. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 14 above, as though each of said allegations were fully set forth herein.

16. Because plaintiff did not share the Evangelical Christian religious beliefs of her employer, CPN, and would not attend its Bible study, defendant CPN wrongfully discriminated against plaintiff Susan Norman in the terms and conditions of her employment in violation of Title VII, including but not limited to terminating her employment on March 1, 2012.[1]

17. As a direct and proximate result of defendant's actions, plaintiff Norman suffered consequential damages including, but not limited to, the loss of the value of past and future earnings and the value of other employee benefits, pain and suffering, mental anguish, emotional distress, including but not limited to anxiety, embarrassment, humiliation, loss of sleep, depression, crying spells, personal injury including but not limited to harm to her reputation, and emotional distress resulting from that harm and from her wrongful discriminatory termination and being thrust into the job market again. Accordingly, plaintiff is entitled to compensatory damages from defendant CPN in an amount according to proof, the exact amount to be proven at trial. including loss of income, and general damages, including emotional distress according to proof.

18. Defendant CPN's conduct was malicious, wanton, oppressive, motivated by evil motive or intent, and/or was performed with reckless or callous indifference to plaintiff Norman's federally protected rights such that she is entitled to an award of punitive damages in an amount according to proof.

---

[1] Title VII claims may be based on allegations that the employer discriminated against an employee who did not share the employer's religious beliefs. "[I]t is the religious beliefs of the employer, and the fact that the employee does not share them, that constitute the basis of the [religious discrimination] claim." *Noyes v. Kelly Services,* 488 F.3d 1163, 1168-1169 (9th Cir. 2007).

1    19.    In accordance with Federal law, including but not limited to 42 U.S.C. 2000e-5(K), plaintiff is entitled to recover her attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Susan Norman respectfully requests the Court to enter judgment for plaintiff Susan Norman against defendant CPN as follows:

A.    That this Court award such equitable relief afforded by Title VII, including but not limited to, injunctive relief, as the Court deems necessary to make plaintiff whole and as the Court may deem just and proper under the circumstances, but in the case of monetary relief, in an amount according to proof.

B.    That this Court award plaintiff compensatory and general damages in an amount according to proof.

C.    That this Court award plaintiff punitive damages in an amount according to proof.

D.    That this Court award plaintiff her court costs and reasonable attorneys' fees herein incurred, pursuant to federal law.

E.    That this Court award pre-judgment and post-judgment interest on the amounts set forth in paragraphs "A" and "B" above, at the highest rate permitted by law.

F.    That this Court grant such other and further relief as this Court may deem just and proper.

Respectfully submitted this  11th  day of June, 2013.

DAVID C. LARKIN, P.C.

By:  s/ David C. Larkin
     David C. Larkin
     Attorney for Plaintiff

**VERIFICATION**

Susan Norman, declares and says as follows:

I am the plaintiff in the above-complaint; I have read the foregoing Verified Complaint and am familiar with the contents thereof; the matters contained therein are true of my own knowledge at this time, except as to matters which are therein stated on information and/or belief or are legal matters and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States and the State of Arizona that the foregoing is true and correct.

Dated this 10 day of June, 2013.

_/s/ Susan Norman_
Susan Norman